# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Joseph Edwin Harju,

          Petitioner,

v.

Joan Fabian, Commissioner,
Minnesota Department of Corrections,

          Respondent.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 07-2094 ADM/SRN

---

Joseph Edwin Harju, *pro se*.

Margaret E. Jacot, Esq., and Peter R. Marker, Esq., Assistant Minnesota Attorney Generals, St. Paul, MN, on behalf of Respondent.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Petitioner Joseph Edwin Harju's ("Petitioner") Objections [Docket No. 26] to Magistrate Judge Susan Richard Nelson's January 10, 2008, Report and Recommendation ("R&R") [Docket No. 25]. The R&R recommends denial of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [Docket No. 1], Petitioner's Motion for Summary Judgment [Docket No. 12], and Petitioner's Motion to Appoint Counsel, for Expanded Discovery, and for an Evidentiary Hearing [Docket No. 22]. For the reasons set forth below, Petitioner's Objections are overruled.

## II. BACKGROUND

In May 2000, Petitioner pleaded guilty to two counts of third-degree criminal sexual conduct in violation of Minn. Stat. § 609.344, subd. 1(b) (1998). A Minnesota trial court imposed two consecutive 36-month sentences and a five-year conditional-release period. On

March 22, 2004, Petitioner was released from prison and placed on intensive supervised release. The conditions of Petitioner's release prohibited him from having "direct or indirect contact with minors without prior documented approval" and from "purchas[ing] or possess[ing] sexually explicit materials."  Resp't's App. [Docket No. 10] at RA16-RA18.

On August 2, 2004, Petitioner went to a medical appointment on the second floor of the Duluth Clinic.  Petitioner included the appointment on the weekly activity schedule he submitted to his supervised-release officer.  After his appointment, Petitioner was observed in the lobby and waiting room area of the fourth floor of the clinic.  The clinic's pediatrics unit is among the specialty groups that share the fourth floor.  Bethel Work Release case worker Angie O'Keefe ("O'Keefe"), who happened to be in the pediatric waiting room with her child, recognized Petitioner and asked him to explain his presence on the fourth floor.  Petitioner responded that he was looking for a public telephone.  O'Keefe instructed Petitioner to leave the floor immediately. Although O'Keefe did not see Petitioner approach any minors, she observed that several minors were present in the area of the clinic where she saw Petitioner.

That same evening, supervised-release officers went to Petitioner's home to question him about the incident at the Duluth Clinic.  The officers arrested Petitioner for violating the conditions of his supervised release, and the officers also discovered a *National Geographic* magazine containing a photograph of nude boys bathing each other.

After an August 17, 2004, revocation hearing, a hearings-and-release officer revoked Petitioner's supervised release based on findings that Petitioner had indirect contact with minors without approval and that Petitioner possessed sexually explicit material.  Resp't's App. at RA22-RA23.

2

On February 6, 2005, Petitioner filed a habeas corpus petition in a Minnesota trial court. On August 22, 2005, the Minnesota trial court denied habeas relief, and the Minnesota Court of Appeals affirmed on November 14, 2006. Harju v. Fabian, 2006 Minn. App. Unpub. LEXIS 837 at *4 (Minn. Ct. App. Aug. 8, 2006). The Minnesota Supreme Court denied review on November 16, 2006. Harju v. Fabian, 2006 Minn. LEXIS 797 (Minn. Nov. 14, 2006). Petitioner filed the instant Habeas Corpus Petition on April 27, 2007.

### III. DISCUSSION

**A.      Standard of Review**

"The district judge must determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Under 28 U.S.C. § 2254, federal court habeas review of state court criminal convictions resulting in incarceration is limited:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] determination of a factual issue by a State court shall be presumed to

be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

**B.      Petitioner's Objections**

> **1.      Whether Petitioner's Due Process Rights Were Violated By the Failure to Produce His Weekly Activity Schedule**

In his Habeas Corpus Petition, Petitioner complains he was not afforded adequate due process because the Minnesota Department of Corrections failed to produce his weekly activity schedule at the revocation hearing.  The minimum requirements of due process at a parole revocation hearing are:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972).  Judge Nelson determined that the failure to produce Petitioner's weekly activity schedule did not violate due process because the hearing officer did not rely on the schedule as a basis for revoking Petitioner's supervised release.  This Court agrees.  As the Minnesota Court of Appeals aptly stated, "[n]othing in the record indicates that the weekly activity schedule was submitted to or relied on by the hearings-and-release officer.  Instead, the hearings-and-release officer revoked Harju's conditional release because he had indirect contact with minors without authorization."  Harju, 2006 Minn. App. Unpub. LEXIS 837 at *4.

**2.      Whether the Supervised-Release Revocation Was Based On an Unreasonable Determination of the Facts in Light of the Evidence**

Petitioner also argues the evidence was insufficient to show that he had violated the terms of his supervised release.  Neither the state district court nor the Minnesota Court of Appeals relied on Petitioner's possession of the *National Geographic* magazine in finding that Petitioner had violated the terms of his conditional release.  Therefore, this Court confines its review to the issue of whether there was sufficient evidence that Petitioner violated his supervised-release conditions by being on the fourth floor of the Duluth Clinic and whether such presence was indirect contact with minors without authorization.

Pursuant to its one-year retention policy, the Minnesota Department of Corrections destroyed the audio recording of the August 17, 2004, revocation hearing, and a transcript of the hearing was never prepared.  Hudson Aff. [Docket No. 9].  It appears from the hearing officer's decision that she relied on Supervision Officer Timothy Comrie's ("Comrie") testimony that he authorized Petitioner to go only to the X-ray department on the second floor of the Duluth Clinic, and O'Keefe's testimony that Petitioner was in the fourth floor lobby area and that children were in the area.  Resp't's App. at RA22-RA23.  It is undisputed that the pediatrics unit of the Duluth Clinic is located on the fourth floor.

This Court agrees with Judge Nelson that the evidence adequately supported the hearing officer's decision that Petitioner violated the condition of his supervised release prohibiting indirect contact with minors.  In his Objections and submissions in the record, Petitioner suggests that O'Keefe and Comrie lied at the revocation hearing.  Petitioner asserts his weekly activity schedule authorized him to be in the fourth floor lobby of the Duluth Clinic, and he avers he briefly went to the fourth floor for the limited purpose of locating a telephone.

However, the hearing officer's factual determinations, which the Minnesota courts relied upon in denying Petitioner's state habeas petition, are presumed to be correct under 28 U.S.C. § 2254(e)(1).  Petitioner's allegation that O'Keefe and Comrie were lying, and his explanation for his presence on the fourth floor of the clinic, are not clear and convincing evidence that overcomes the statutory presumption.

**3.      Whether the Search of Petitioner's Residence Was Unconstitutional**

The Court also agrees with Judge Nelson's conclusion that the supervised-release officers did not violate the Fourth Amendment, nor any other provision of the Constitution, when they searched Petitioner's residence and found the *National Geographic* magazine.  Petitioner does not dispute that a condition of his supervised release was that he would "submit at any time to an announced visit and/or search of [his] person, vehicle or premises by [supervised-release officers]."  Resp't's App. at RA17.

Petitioner also argues his due process rights were violated because the supervised-release officers did not return the *National Geographic* magazine to him.  Judge Nelson rejected this argument for alternative reasons, including that Petitioner has failed to show that he has exhausted state remedies for recovery of the property.  This Court adopts this reasoning, which Petitioner has not addressed in his Objections.

**4.      Whether the Release Conditions Were Vague or Overbroad**

In his Habeas Corpus Petition, Petitioner argues that the terms of his supervised release were unconstitutionally vague or overbroad.  Petitioner's conditions prohibited him from "direct or indirect contact with minors without prior documented approval" and from "purchas[ing] or possess[ing] sexually explicit materials."  Again, the Court will limit its review to the prohibition

on indirect contact with minors, which is the predicate basis for the revocation of Petitioner's supervised release.

Judge Nelson appropriately found that the condition was tailored to promote Petitioner's rehabilitation and protect minors from exploitation by Petitioner.  Judge Nelson also appropriately rejected Petitioner's vagueness argument because "one could reasonably comprehend that wandering around an area of a medical clinic that contained a pediatrics ward would violate the condition."  R&R at 14.  Additionally, having reviewed all of the issues raised in Petitioner's submissions, the Court adopts Judge Nelson's recommendation that Petitioner's Motion to Appoint Counsel, for Expanded Discovery, and for an Evidentiary Hearing be denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Petitioner's Objections [Docket No. 26] are **OVERRULED**;

2.      The Report and Recommendation [Docket No. 25] is **ADOPTED**;

3.      Petitioner's 28 U.S.C. § 2255 Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED**;

4.      Petitioner's Motion for Summary Judgment [Docket No. 12] is **DENIED**; and

5.      Petitioner's Motion to Appoint Counsel, for Expanded Discovery, and for an Evidentiary Hearing [Docket No. 22] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 13, 2008.